IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

HANSAWORLD USA, INC.                                        PLAINTIFF

v.                                    CIVIL ACTION NO. 2:15-CV-73-KS-JCG

DAMON G. CARPENTER                                         DEFENDANT

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on the Amended and Supplemental Motion to Dismiss ("Motion to Dismiss") [45] filed by Defendant Damon G. Carpenter ("Carpenter") and the Motion for Leave to File First Amended Complaint ("Motion to Amend") [59] filed by Plaintiff HansaWorld USA, Inc. ("HansaWorld").  After reviewing the parties' submissions, the record, and the applicable law, the Court finds that HansaWorld's Motion to Amend [59] should be granted in part and denied in part.  Consequently, Carpenter's Motion to Dismiss [45] should be denied as moot.

## I.  BACKGROUND

The current action was originally brought in Florida state court on February 3, 2015, and was removed pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, on March 30, 2015, to the United States District Court for the Southern District of Florida.  On May 7, 2015, the case was transferred to this Court under 28 U.S.C. § 1404(a).

In its proposed amended complaint, HansaWorld alleges that Carpenter conspired with its former employee, Kimberlee Davenport ("Davenport"), to extort payments from HansaWorld. (*See* Proposed First Amended Complaint [59-1] at p.2.)  HansaWorld contends that in doing so, Carpenter and Davenport made maliciously false accusations of employment discrimination, sexual harassment, and improper tax practices.  (*See id.*)  Additionally, HansaWorld accuses

Carpenter of directing Davenport to interrupt its phone service at its office in Miami-Dade County, Florida, which was the office for which Davenport worked remotely, and also if directing Davenport's actions in the conversion of a company car owned by HansaWorld in Florida.  (*See id.* at pp. 3-4.)

Carpenter is a lawyer in Mississippi and was employed as legal counsel by Davenport from September 2012 to November 2012.  (*See id.* at p. 2.)  All alleged wrongful conduct by Carpenter took place within that relationship, which HansaWorld contends went beyond the attorney-client relationship and became a conspiracy against it.  (*See id.*)  HansaWorld won its lawsuit against Davenport in January 2015, on claims of unlawful conversion of the car and extortion.  (*See id.* at p. 5.)

In its original complaint, HansaWorld brought two claims against Carpenter:  a claim under Florida's Civil Remedies for Criminal Practices Act and a claim of civil conspiracy.  On June 12, 2015, Carpenter filed his Motion to Dismiss [45], arguing that both claims should be governed by Mississippi law, which would mean that they were time-barred by their respective statutes of limitations.  On July 20, 2015, HansaWorld filed its Motion to Amend [59], asking for the Court's leave to amend its complaint and add a claim under the civil provisions of the Racketeer Influenced and Corrupt Organizations Act (RICO) and a claim of malicious interference with business relations.

### II. MOTION TO AMEND [59]

#### A.    Standard of Review

"Rule 15(a) requires a trial court to grant leave to amend freely, and the langauge of this rule evinces a bias in favor of granting leave to amend."  *Jones v. Robinson Prop. Grp., LP*, 427 F.3d 987, 994 (5th Cir. 2005) (citation and internal quotations omitted).  However, "[i]t is within

the district court's discretion to deny a motion to amend if it is futile." *Stripling v. Jordan Prod. Co., LLC*, 234 F.3d 863, 872-73 (5th Cir. 2000) (citations omitted).  To determine futility, the Fifth Circuit has held that "the same standard of legal sufficiency as applies under Rule 12(b)(6)" should be applied to the proposed amended complaint.  *Id.* at 873.

Under a Rule 12(b)(6) analysis, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007)).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*; *see also In re Great Lakes Dredge & Dock Co.*, 624 F.3d 201, 210 (5th Cir. 2010) ("To be plausible, the complaint's '[f]actual allegations must be enough to raise a right to relief above the speculative level.'") (quoting *Twombly*, 550 U.S. at 555).  A complaint containing mere "labels and conclusions, or a formulaic recitation of the elements" is insufficient.  *Bowlby v. City of Aberdeen, Miss.*, 681 F.3d 215, 219 (5th Cir. 2012) (citation and internal quotation marks omitted). However, "detailed factual allegations" are not required.  *Iqbal*, 556 U.S. at 678, 129 S.Ct. at 1949 (quoting *Twombly*, 550 U.S. at 555, 127 S. Ct. 1955).  Although courts are to accept all well-pleaded facts as true and view those facts in the light most favorable to the nonmoving party, courts are not required "to accept as true a legal conclusion couched as factual allegation." *Randall D. Wolcott, M.D., P.A. v. Sebelius*, 635 F.3d 757, 763 (5th Cir. 2011) (citations omitted).  "[W]hen a successful affirmative defense appears on the face of the pleadings, dismissal under Rule 12(b)(6) may be appropriate." *Miller v. BAC Home Loans Servicing, L.P.*, 726 F.3d 717, 726

(5th Cir. 2013) (quoting *Kansa Reins. Co. v. Cong. Mortg. Corp. of Tex.*, 20 F.3d 1362, 1366 (5th Cir. 1994)).

**B.      Florida's Civil Remedies for Criminal Practice Act Claim**

Carpenter argues that HansaWorld cannot maintain their claim under the Civil Remedies for Criminal Practices Act, Florida Statute § 772.101, because the laws of Mississippi apply, not Florida, and the analogous menace claim under Mississippi law is time-barred by its statute of limitations.

When venue brought by the plaintiff in a case is proper, a transfer of the case under 28 U.S.C. § 1404(a) has no effect on the law applicable to the suit. *Van Dusen v. Barrack*, 376 U.S. 612, 635-37, 84 S. Ct. 805, 818-19, 11 L.Ed.2d 945 (1964). As such, the choice-of-law rules a federal court sitting in diversity applies are the rules of the forum state in which the suit was originally brought. *Klaxon Co. v. Stentor Elec. Mfg. Co.*, 313 U.S. 487, 496, 61 S. Ct. 1020, 1021, 85 L.Ed. 1477 (1941). Therefore, the Court must follow Florida's choice-of-law rules in determining which state's laws apply.

In *Bishop v. Florida Specialty Paint Co.*, the Florida Supreme Court adopted the "significant relationships test" for tort actions as set forth in § 145 of the Restatement (Second) of Conflicts of Law. 389 So.2d 999, 1001 (Fla. 1980). In determining which state has the most significant relationship with a particular issue, the following factors, to be considered with their relative importance to a given issue, are guiding:

> (a)      the place were the injury occurred,
> (b)      the place where the conduct causing the injury occurred,
> (c)      the domicil, residence, nationality, place of incorporation and place of business of the parties, and
> (d)      the place where the relationship, if any, between the parties is centered.

*Id.* (quoting Restatement (Second) of Conflicts of Law § 145(2) (1971)).

4

Carpenter does not apply Florida's choice-of-law analysis in his arguments, choosing instead to rely on the venue determination of the Florida federal court, which held that "Mississippi has a much stronger interest than Florida in adjudicating claims regarding one of its attorney's misconduct – indeed, criminal wrongdoing – in the course of his legal representation of a client committed in its borders." (*See* Order to Transfer [34] at p. 13.)  However, the decision to transfer venue has no effect on the law that should be applied in a lawsuit, meaning the determination of venue and choice-of-law is necessarily separate.  *See Ferens v. John Deere Co.*, 494 U.S. 516, 523, 110 S. Ct. 1274, 1280, 108 L.Ed.2d 443 (1990) (". . . § 1404(a) should not deprive parties of state-law advantages that exist absent diversity jurisdiction [or] . . . create or multiply opportunities for forum shopping . . . [, and] the decision to transfer under § 1404(a) should turn on considerations of convenience and the interest of justice rather than on possible prejudice resulting from a change of law.").  Regardless of what the transferring Florida court held in its decision to transfer, then, a separate choice-of-law analysis must still be made.

Carpenter concedes that the place where the injury occurred was Florida and recognizes that the "state where the injury occurred would, under most circumstances, be the decisive consideration."  *Bishop*, 389 So.2d at 1001.  Carpenter argues, though, that the circumstances of this case are such that the situs of the injury is "little more than happenstance" and is of "little actual significance."  *Chapman v. Depuy Orthopedics, Inc.*, 760 F.Supp.2d 1310, 1314 (M.D. Fla. 2011); *Bishop*, 389 So.2d at 1001.  *Bishop*, though, involved a plane that crashed in South Carolina while flying from Florida to North Carolina.  398 So.2d at 1000.  The relationship of South Carolina, the place of the injury, resulted only from "the happenstance of the plane coming into contact with South Carolina soil after developing engine trouble in unidentified airspace."  *Id.*  In *Chapman*, the injury was due to a faulty medical device, which was manufactured and

5

sold in Virginia to the plaintiff while she as a Virginia resident.  760 F.Supp.2d at 1313-14.  The

fact that the injury occurred in Florida after the plaintiff had moved there, then, was "little more

than happenstance."  *Id.* at 1314.  In both *Bishop* and *Chapman*, defendants had no way of

foreseeing the place where the injury occurred, which gave this factor little weight in

determining the correct law to apply.  In the current case, though, Carpenter was well aware that

his actions could cause injury in Florida, as the relationship between HansaWorld and his client

Davenport was based on her work for HansaWorld's Florida office.  Furthermore, some of

Carpenter's alleged actions, such as directing Davenport to interrupt HansaWorld's telephone

service and directing her to convert the company car, were directed at HansaWorld in Florida.

Therefore, the fact that the alleged injuries to HansaWorld occurred in Florida still holds

significance in a Florida choice-of-law analysis.  This factor, then, weighs in favor of the

application of Florida law.

Carpenter also claims that all his allegedly tortious conduct occurred in Mississippi.

While this argument appears to be true from the face of HansaWorld's complaint, there is no

question that his alleged wrongful conduct was directed at Florida.  Whatever interest

Mississippi might have in applying its laws to the activities of its lawyers within its borders, that

interest is outweighed by the interest Florida has in protecting businesses from purposeful

conduct intended to cause harm in Florida.  *See Sierra v. A Betterway Rent-A-Car, Inc.*, 863

So.2d 358, 361 (Fla. Dist. Ct. App. 2003) (holding because the rental agency knew its car was

being brought to Florida, Georgia's interest in protectig its corporations from liability was

outweighed by other factors).  Therefore, while this factor may weigh in favor of Mississippi law

being applied, its significance is outweighed by the other factors of the analysis.

The third factor of the choice-of-law analysis is neutral, as Carpenter is a resident of Mississippi while HansaWorld's principle place of business, and therefore its domicile, is in Florida, giving both states an equal interest under this factor.

The fourth and final factor is the place where the relationship between Carpenter and HansaWorld is centered.  The two are indisputably connected through Davenport, Carpenter's client and HansaWorld's former employee.  Davenport's relationship with HansaWorld was through its office in Miami-Dade County, Florida.  This factor, then, weighs in favor of Florida law.

On balance, the four factors of Florida's choice-of-law analysis weigh in favor of the application of Florida law.  As such, Carpenter's arguments for dismissal of the Florida Civil Remedies for Criminal Practices claim are without merit, as Florida law will be applied and the applicable statute of limitations gives HansaWorld five years to file suit.  *See* Fla. Stat. Ann. § 772.17.

HansaWorld, then, will be allowed to amend its complaint in regards to its claim under the Florida Civil Remedies for Criminal Practices Act and any factual amendments asserted in support of this claim.

###    C.    Civil RICO Claim

In its proposed amended complaint, HansaWorld adds a civil claim against Carpenter under the Racketeer Influenced and Corrupt Organizations Act (RICO), 18 U.S.C. § 1964(c)-(d).  Carpenter argues first that this claim cannot be brought because HansaWorld has not filed a RICO Statement in conformance with Local Rule 83.8(a).  However, as noted by this Court in *Gray v. Upchurch*, a RICO complaint is not yet filed for purposes of this rule when it is before the court on a motion to amend.  No. CIVA505CV210KSJMR, 2006 WL 3694604, at *4 (S.D.

Miss. Dec. 13, 2006).  HansaWorld is not required to file a RICO Statement until its RICO complaint is filed.  Therefore, this would not bar the amendment to add a RICO claim. Carpenter goes on to argue, though, that HansaWorld has not sufficiently pleaded its prima facie case under this claim.

A civil claim under § 1964 of RICO requires: "1) a *person* who engages in 2) a *pattern of racketeering activity*, 3) connected to the acquisition, establishment, conduct, or control of an *enterprise*."  *In re Burzynski*, 989 F.2d 733, 741-42 (5th Cir. 1993) (quoting *Delta Truck & Tractor, Inc. v. J.I. Case Co.*, 855 F.2d 241, 242 (5th Cir. 1988), *cert. denied*, 498 U.S. 1079, 109 S. Ct. 1531, 103 L.Ed.2d 836 (1989)) (emphasis in original).  Carpenter contends that HansaWorld's civil RICO claim fails because it has not adequately pleaded that Carpenter engaged in a pattern of racketeering activity or that an enterprise existed between Carpenter and Davenport.  The Court address each of these issues in turn.

### 1.    Pattern of Racketeering Activity

A pattern of racketeering activity "has two elements:  1) predicate acts—the requisite racketeering activity, and 2) a pattern of such acts."  *Burzynski*, 989 F.2d at 742 (citing *Delta Truck*, 855 F.2d at 242-43.)  Carpenter has advanced no argument that HansaWorld has failed to plead sufficient predicate acts.  The Court therefore looks only to whether HansaWorld has alleged sufficient facts for its claim of a pattern of such acts to go forward.

For a pattern of racketeering activity to exist, the predicate acts must be related to each other and must have continuity.  *Burzynski*, 989 F.2d at 742.  Carpenter does not dispute that the alleged acts are related, but does argue that HansaWorld has not pleaded continuity sufficiently in its proposed amended complaint.

8

"Continuity is both a closed- and open-ended concept, referring either to a close period of repeated conduct, or to past conduct that by its nature projects into the future with a threat of repetition." *H.J. Inc. v. Nw. Bell Tel. Co.*, 492 U.S. 229, 241, 109 S.Ct. 2893, 2902 (1989) (citation and internal quotations omitted). Open-ended continuity can be shown by establishing either "a specific threat of repetition extending indefinitely into the future or that the predicates are a regular way of conducting the defendant's ongoing legitimate business." *Abraham v. Singh*, 480 F.3d 351, 355 (5th Cir. 2007) (quoting *Word of Faith World Outreach Ctr. Church, Inc. v. Sawyer*, 90 F.3d 118, 122 (5th Cir. 1996)) (internal quotations omitted). HansaWorld has not alleged any facts in its proposed amended complaint that there is a threat of continued wrongful conduct by the alleged RICO enterprise. Furthermore, the only argument it does advance for open-ended continuity, presented in reply to Carpenter's opposition to its amendments, is that Davenport still has pending litigation against HansaWorld. This argument is not sufficient to support the existence of a continuing threat from an alleged RICO enterprise. Even if Carpenter were involved in that action, which he is not, pending litigation does not threaten indefinite repetition. *See Castrillo v. Am. Home Mortg. Servicing, Inc.*, 670 F.Supp.2d 516, 531 (E.D. La. 2009). Instead, litigation is likely to be short-term, which is not the concern Congress had in mind when it passed RICO. *See id.* (citing *Calcasieu Marine Nat. Bank v. Grant*, 943 F.2d 1453, 1464 (5th Cir. 1991)). Therefore, the only continuity that could be found in this case would be close-ended.

For close-ended continuity to exist, the related predicate acts must have occurred over a "substantial period of time." *H.J., Inc.*, 492 U.S. at 242, 109 S. Ct. at 2902. "Predicate acts extending over a few weeks or months and threatening no future criminal conduct do not satisfy this requirement: Congress was concerned in RICO with long-term criminal conduct." *Id.* All

of the predicate acts HansaWorld allege in their amended complaint occur between September and November of 2012. That is too short of a time frame to establish close-ended continuity under RICO. *See H.J., Inc.*, 494 U.S. at 242, 109 S. Ct. at 2902. HansaWorld argues that Carpenter's conduct occurred over the span of two years because it was denied access to the car converted by Davenport until January 2015, when it won a verdict against Davenport. In making this argument, HansaWorld confuses the long-term effects of Carpenter's alleged conduct with the conduct itself. *See Castrillo*, 670 F.Supp.2d at 531. The alleged predicate act was Davenport's conversion of the car on Carpenter's orders. This act, according to HansaWorld's proposed amended complaint, was complete in November 2012.

Because it cannot establish continuity, HansaWorld has failed to plead sufficient allegations to establish the pattern of racketeering activity element of its prima facie claim under § 1964 of RICO.

## 2.    RICO Enterprise

Even if HansaWorld had sufficiently pleaded a pattern of racketeering activity, its proposed RICO claim also fails to allege sufficient facts for a finding of an enterprise within the meaning of § 1964 of RICO. "An enterprise is a group of persons or entities associating together for the common purpose of engaging in a course of conduct." *Whelan v. Winchester Prod. Co.*, 319 F.3d 225, 229 (5th Cir. 2003) (citing *United States v. Turkette*, 452 U.S. 576, 583, 101 S. Ct. 2524, 2528, 69 L.Ed.2d 246 (1981)). "An association-in-fact enterprise must have an ongoing organization or be a continuing unit, such that the enterprise has an existence that can be defined apart from the commission of the predicate acts." *Zastrow v. Houston Auto Imps. Greenway Ltd.*, F.3d 553, 562 (5th Cir. 2015) (quoting *Montesano v. Seafirst Commercial Corp.*, 818 F.2d 423, 427 (5th Cir. 1987)) (internal quotations omitted). Furthermore, the enterprise "must exist

separate and apart from the pattern of racketeering activity in which it engages." *Whelan*, 319 F.3d at 229.  HansaWorld has alleged no facts that suggest Carpenter and Davenport's association had any sort of existence outside their alleged wrongful conduct against HansaWorld.  Therefore, HansaWorld has also failed to sufficiently plead the enterprise element of its proposed civil RICO claim.

Because HansaWorld has not pleaded factual allegations to support every element of its claim under § 1964 of RICO, its proposed amendment adding this claim would be futile.  As such, the Court will not allow HansaWorld to amend its complaint to add its RICO claim.

### D.    Civil Conspiracy Claim

HansaWorld's claim of civil conspiracy arises out of the same conduct by Carpenter as its claim under Florida's Civil Remedies for Criminal Practice Act.  Therefore, for the same reasons as stated above, Florida law should be applied.  *See supra*, Part II.B.  Because Florida's statute of limitations for civil conspiracy is four years, HansaWorld's claim in not time-barred.  *See* Fla. Stat. Ann. § 95.11(3)(o); *see also* 10 Fla. Jur 2d Conspiracy—Civil Aspects § 14.

HansaWorld, then, will be allowed to amend its complaint with regards to its civil conspiracy claim and any factual amendments connected thereto.

### E.    Malicious Interference with Business Relations Claim

Because the parties do not claim that there is a conflict between Mississippi and Florida laws with regards to HansaWorld's malicious interference with business relations claim and make arguments only under Mississippi law, the Court address only those arguments, with the understanding that an analysis under Florida law would yield the same result.

There are four elements of a claim for malicious interference with business relations under Mississippi law:

11

(1)     The acts were intentional and willful;

(2)     The acts were calculated to cause damage to the plaintiffs in their lawful business;

(3)     The acts were done with the unlawful purpose of causing damage or loss, without right or justifiable cause on the part of the defendant (which constitutes malice);

(4)     Actual damage and loss resulted.

*MBF Corp. v. Century Bus. Commc'ns, Inc., A Subsidiary of Century Tel. Enters., Inc.*, 663 So.2d 595, 598 (Miss. 1995) (citations omitted).  Carpenter puts forth two arguments why HansaWorld's claim fails.  First, he argues that because he has had no contact with HansaWorld's current or potential customers, he cannot be held liable for malicious interference with business relations.  Second, he argues that HansaWorld has failed to allege any facts going to the actual damage and loss element of this claim.

Carpenter misunderstands the law in his first argument.  While interfering with potential customers would be an act that could make a malicious interference with business relations claim available to a party, it is not the *only* act for which the claim could be brought.  *See Cenac v. Murry*, 609 So.2d 1257, 1270 (Miss. 1992) (quoting Prosser & Keeton, The Law of Torts, § 130, 1005-1014 (5th ed. 1984)) ("[T]he 'expectancies' thus protected [by a malicious interference with business relations claim] have been those of future contractual relations, such as the prospect of obtaining employment or employees or the *opportunity of obtaining customers*.").  HansaWorld has pleaded enough factual allegations to support its claim that Carpenter conspired with Davenport to intentionally and willfully file false reports against HansaWorld in order to cause damage to its reputation and pressure HansaWorld into giving Davenport a greater severance pay.

12

Carpenter is correct, however, in asserting that HansaWorld has failed to plead any facts to support the final element of its malicious interference with business relations claim—actual damage and loss.  At minimum, HansaWorld must allege that it suffered some sort of financial loss due to Carpenter's actions.  *MBF Corp.*, 663 So.2d at 599.  A perfunctory conclusion that "Plaintiff has suffered damages" is not enough to sufficiently plead the damages element of this claim.  *See Bowlby*, 681 F.3d at 219 (quoting *Twombly*, 550 U.S. at 555, 127 S. Ct. at 1965) ("A complaint is insufficient if it offers only 'labels and conclusions,' or 'a formulaic recitation of the elements of a cause of action.'").

Therefore, because HansaWorld's proposed amendment adding its malicious interference with business relations claim has not been pleaded sufficiently to survive a 12(b)(6) analysis, to allow the amendment would be futile.  As such, HansaWorld will not be allowed to amend its complaint to add this claim.

## III.  MOTION TO DISMISS [45]

Because HansaWorld will be allowed to amend the two claims it made in its original complaint, and because Carpenter's arguments, made in support of his motion and against the sufficiency of these claims, have already been addressed by the Court, Carpenter's Motion to Dismiss [45] will be denied as moot.

## III.  CONCLUSION

IT IS THEREFORE ORDERED AND ADJUDGED that HansaWorld's Motion for Leave to File First Amended Complaint [59] is granted in part and denied in part.  HansaWorld will be allowed to make the proposed amendments to its complaint with respect to its Civil Remedies for Criminal Practice Act and civil conspiracy claims, and any facts in support thereof.

13

HansaWorld will not be allowed to amend its complaint to add the proposed civil RICO or malicious interference with business relations claim.

IT IS FURTHER ORDERED AND ADJUDGED that Carpenter's Amended and Supplemental Motion to Dismiss [45] is denied as moot.

SO ORDERED AND ADJUDGED this the 1st day of October, 2015.

*s/Keith Starrett*
UNITED STATES DISTRICT JUDGE

14