**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION**

**HANSAWORLD USA, INC.**                                               **PLAINTIFF**

**v.**                               **CIVIL ACTION NO. 2:15-CV-73-KS-JCG**

**DAMON G. CARPENTER**                                   **DEFENDANT**

## <u>MEMORANDUM OPINION AND ORDER</u>

This matter is before the Court on the Motion for Summary Judgment [133] filed by Defendant Damon G. Carpenter ("Defendant"), the Motion for Partial Summary Judgment [135] and the  Motion for Leave to File Second Amended Complaint  ("Motion to Amend") [129] filed by Plaintiff HansaWorld USA, Inc. ("Plaintiff"), and the Motion for Attorney's Fees [112] filed by Movant Kimberlee Davenport ("Davenport").  After reviewing the submissions of the parties, the record, and the applicable law, the Court finds the following:

    1)     Defendant's Motion for Summary Judgment [133] is well taken and should be granted;

    2)     Plaintiff's Motion for Partial Summary Judgment [135] should be denied as moot;

    3)     Plaintiff's Motion to Amend [129] should be denied as moot;

    4)     Davenport's Motion for Attorney's Fees [112] is not well taken and should be denied;

    5)     All other pending motions in this case should be denied as moot.

## I.  BACKGROUND

The current action was originally brought in Florida state court on February 3, 2015, and was removed pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, on March 30, 2015, to the United States

District Court for the Southern District of Florida. On May 7, 2015, the case was transferred to this Court under 28 U.S.C. § 1404(a).

In its complaint, Plaintiff brings claims of civil conspiracy and violations of Florida's Civil Remedies for Criminal Practice Act, FLA. STAT. § 772.101, against Defendant in connection to his representation of  Plaintiff's former employee, Davenport.

Defendant is a lawyer in Mississippi and was employed as legal counsel by Davenport from October 17, 2012, to October 31, 2012.  All alleged wrongful conduct by Defendant took place within that relationship.  Plaintiff won its Florida lawsuit against Davenport in January 2015, on claims of unlawful conversion of the car and extortion.  Davenport has a separate suit against Plaintiff pending in this Court, which has been stayed pending appeal in a related state court action.

On June 12, 2015, Defendant filed his Motion to Dismiss [45], arguing the claims against him should be governed by Mississippi law, which would mean that they were time-barred by their respective statutes of limitations. On July 20, 2015, Plaintiff filed its Motion to Amend [59], asking for the Court's leave to amend its complaint and add a claim under the civil provisions of the Racketeer Influenced and Corrupt Organizations Act  and a claim of malicious interference with business relations.

On October 1, 2015, this Court denied Plaintiff leave to amend to add the proposed claims, finding that they were not sufficiently pleaded, and denied as moot Defendant's Motion to Dismiss [45].  In doing so, the Court found that Florida law was the appropriate law to apply.

On December 3, 2015, the Court granted Davenport's Motion to Quash [96] Defendant's subpoena, which sought the testimony of Davenport's current attorney. Davenport has subsequently filed a Motion for Attorney's Fees [112] in connection to this motion.  On January 20, 2016, Plaintiff filed its Motion to Amend [129], seeking to attribute additional underlying unlawful acts

2

to the alleged conspiracy.  On February 1, 2016, Defendant filed his Motion for Summary Judgment [133], and Plaintiff filed its Motion for Partial Summary Judgment [135].

## II. DISCUSSION

### A.    Standard of Review

Federal Rule of Civil Procedure 56 provides that "[t]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "Where the burden of production at trial ultimately rests on the nonmovant, the movant must merely demonstrate an absence of evidentiary support in the record for the nonmovant's case." *Cuadra v. Houston Indep. Sch. Dist.*, 626 F.3d 808, 812 (5th Cir. 2010) (citation and internal quotation marks omitted).  The nonmovant must then "come forward with specific facts showing that there is a genuine issue for trial." *Id.*  "An issue is material if its resolution could affect the outcome of the action." *Sierra Club, Inc. v. Sandy Creek Energy Assocs., L.P.*, 627 F.3d 134, 138 (5th Cir. 2010) (quoting *Daniels v. City of Arlington, Tex.*, 246 F.3d 500, 502 (5th Cir. 2001)).  "An issue is 'genuine' if the evidence is sufficient for a reasonable jury to return a verdict for the nonmoving party." *Cuadra*, 626 F.3d at 812 (citation omitted).

The Court is not permitted to make credibility determinations or weigh the evidence. *Deville v. Marcantel*, 567 F.3d 156, 164 (5th Cir. 2009) (citing *Turner v. Baylor Richardson Med. Ctr.*, 476 F.3d 337, 343 (5th Cir. 2007)).  When deciding whether a genuine fact issue exists, "the court must view the facts and the inferences to be drawn therefrom in the light most favorable to the nonmoving party." *Sierra Club, Inc.*, 627 F.3d at 138.  However, "[c]onclusional allegations and denials, speculation, improbable inferences, unsubstantiated assertions, and legalistic argumentation do not adequately substitute for specific facts showing a genuine issue for trial." *Oliver v. Scott*, 276 F.3d

3

736, 744 (5th Cir. 2002) (citation omitted).  Summary judgment is mandatory "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial."  *Brown v. Offshore Specialty Fabricators, Inc.*, 663 F.3d 759, 766 (5th Cir. 2011) (quoting *Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S. Ct. 2548, 91 L. Ed. 2d 265 (1986)).

B.      **Choice of Law**

Parties dispute whether it is proper to apply Mississippi or Florida law to Plaintiff's claims. The Court previously ruled that, insomuch that there existed a conflict of laws in this case, Florida law should be applied.  (*See* Order [73] at pp. 4-7.)  The Court finds that it need not reconsider this ruling, as there has been no substantial change in circumstances that would warrant applying Mississippi law over Florida law.

C.      **Florida's Civil Remedies for Criminal Practice Act Claim**

Defendant argues that Plaintiff has not met its burden in establishing its claim under Florida's Civil Remedies for Criminal Practice Act, Fla. Stat. § 772.101 ("Florida RICO"). Florida RICO is patterned on the federal Racketeer Influenced and Corrupt Organizations Act ("RICO"), and the analysis applied to a claim under Florida RICO is identical to the analysis under federal RICO.  *Jackson v. BellSouth Telcomms.*, 372 F.3d 1250, 1263-64 (11th Cir. 2004).

"Essential to any successful RICO claim are the basic requirements of establishing a RICO enterprise and a pattern of racketeering activity"  *Id.* at 1264 (internal quotations omitted).  In its previous ruling, this Court denied Plaintiff leave to amend its complaint to add a claim under federal RICO, finding that the proposed claim failed to establish a RICO enterprise or a pattern of racketeering activity.  (Order [73] at pp. 7-11.)  Specifically, the Court held that there was no enterprise between Defendant and Davenport because their association had no existence outside the

4

alleged wrongful conduct.  (*Id.* at pp. 10-11.)  The Court also held that there was no pattern of racketeering activity because Plaintiff could not establish the continuity of the activity.  (*Id.* at pp. 8-10.)  Plaintiff does not attempt to address these deficiencies with its claim under Florida RICO.

Even if Plaintiff did address these deficiencies, it is indisputable that it cannot establish a pattern of racketeering activity.  To establish this element of its claim, Plaintiff must show that there is a "threat of *continuing* racketeering activity."  *Jackson*, 372 F.3d at 1265 (quoting *Jones v. Childers*, 18 F.3d 899, 912 (11th Cir. 1994)) (emphasis in original).  Because the professional relationship between Defendant and Davenport has ended, the only continuity that Plaintiff could allege is closed-ended continuity.  *See Jackson*, 372 F.3d at 1265 (holding open-ended continuity to involve a "threat of repetition").  It is well-established that closed-ended continuity requires the activity to occur over a substantial period of time, which cannot be met with "allegations of schemes lasting less than a year."  *Id.* at 1266 (citations omitted).  Every wrongful act Plaintiff claims Defendant committed, disputed or not, occurred between October 15, 2012, and October 31, 2012.  Plaintiff makes a vague allegation that these kinds of wrongful acts are "normal business practice" for Defendant and his firm, possibly attempting to make out a claim for open-ended continuity, but no evidence has been put forward to support this allegation.  *See Jackson*, 372 F.3d at 1265 (stating open-ended continuity can exist if  the predicate acts are "part of an ongoing entity's regular way of doing business").  Therefore, because Plaintiff has failed to demonstrate a continuing pattern of racketeering activity, the Court finds that it has not met its burden in proving its Florida RICO claim.  Defendant's Motion for Summary Judgment [133] will therefore be **granted** as to this claim.

### D.      Civil Conspiracy

Defendant argues, *inter alia*, that because he was merely an agent of Davenport and had no personal stake in any underlying wrongful conduct, he cannot be liable for conspiring with his client.

Under Florida law, if an attorney's actions are within the scope of his representation and he has no personal stake in the underlying wrongful acts attributed to the alleged conspiracy, then he cannot be held liable for conspiring with his client. *See Lipsig v. Ramlawi*, 760 So.2d 170, 181 (Fla. Dist. Ct. App. 2000). In *Lipsig*, the Florida court held that because the attorney's activities were all within the scope of his representation and there was no proof that he would personally benefit from the alleged conspiracy, he was entitled to a directed verdict on the conspiracy charge. *Id.* In this case, Defendant has presented evidence that his actions were all in furtherance of his representation of Davenport. (*See* Brandon Report [134-24] at p. 10.) Plaintiff has not presented any evidence or argument to refute this evidence.

Additionally, there is no evidence that Defendant had any personal stake in the matter. Plaintiff attempts to argue that Defendant's fee gives him a personal interest in the alleged extortion, but Defendant's fee is a fixed-fee arrangement and has never been contingent on the result of the legal representation. (*See* Davenport-Carpenter Agreement [134-12].) Any interest Defendant may have had, then, is indirect at best, and to hold it sufficient for conspiracy liability would be to render all attorneys potentially liable for conspiracy even if their actions fell entirely within the scope of their representation. The Court therefore does not find that Defendant had a personal interest in the alleged conspiracy significant enough to be held liable for civil conspiracy under Florida law.

Plaintiff further argues that the testimony of Defendant's expert Stephen A. Brandon should be stricken because he is not "the ultimate trier of fact." Plaintiff ignores the fact that, under Federal Rule of Evidence 702, an expert is allowed to given an opinion on an ultimate issue such as this. Furthermore, Plaintiff has not moved for this testimony to be stricken, nor has it presented the Court with any evidence to show that it should be stricken or presented any evidence that Defendant did not act within the scope of his duties as Davenport's attorney. As it is the Plaintiff that ultimately

bears the burden of presenting evidence that Defendant exceeded the scope of his representation, the Court finds that it has failed to establish this element of its claim. As Plaintiff also cannot show that Defendant had any personal interest in the alleged conspiracy, Defendant is entitled to judgment on Plaintiff's civil conspiracy claim as a matter of law. *See Lipsig*, 760 So.2d at 181. Defendant's Motion for Summary Judgment [133] will therefore be **granted** as to Plaintiff's civil conspiracy claim as well.

### E.      Other Pending Motions

Because Defendant's Motion for Summary Judgment [133] is granted in its entirety, the Court will **deny as moot** Plaintiff's Motion for Partial Summary Judgment [135]. Furthermore, because the proposed amendments in Plaintiff's Motion to Amend [129] merely seek to add more underlying wrongs for its civil conspiracy claim and have no impact on the evidentiary deficiencies of that claim the Court has found, it will also be **denied as moot**.

The Court further finds Movant Davenport's Motion for Attorney's Fees [112] should be **denied**. The subpoena issued by Defendant to Davenport's attorney was "justified to a degree that could satisfy a reasonable person" and "raised an issue about which there [was] a genuine dispute." *See* Fed. R. Civ. P. 37, Practice Commentary. Because the claims against Defendant deal with his representation of Davenport, a reasonable person would find subpoenaing the testimony of his replacement in this representation to be appropriate. Whether this testimony was privileged or not was a genuine issue of dispute. The Court therefore finds that the subpoena was substantially justified under Federal Rule of Civil Procedure 37(a)(5)(A)(iii), and an award of attorney's fees is not appropriate.

All other pending motions in this case will be **denied as moot**.

### III.  CONCLUSION

IT IS THEREFORE ORDERED AND ADJUDGED that Defendant's Motion for Summary Judgment [133] is **granted**.

IT IS FURTHER ORDERED AND ADJUDGED that Plaintiff's Motion for Partial Summary Judgment [135] is **denied as moot**.

IT IS FURTHER ORDERED AND ADJUDGED that Plaintiff's Motion to Amend [129] is **denied as moot**.

IT IS FURTHER ORDERED AND ADJUDGED that Davenport's Motion for Attorney's Fees [112] is **denied**.

IT IS FURTHER ORDERED AND ADJUDGED that all other pending motions in this case are **denied as moot**.

SO ORDERED AND ADJUDGED this the 8th day of March, 2016.

*s/Keith Starrett*
UNITED STATES DISTRICT JUDGE