## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
## EASTERN DIVISION

**HANSAWORLD USA, INC.**                                                                    **PLAINTIFF**

**v.**                                                         **CIVIL ACTION NO. 2:15-CV-73-KS-JCG**

**DAMON G. CARPENTER**                                                                     **DEFENDANT**

### MEMORANDUM OPINION AND ORDER

This matter is before the Court on the Motion for Attorneys' Fees [162] filed by Defendant Damon G. Carpenter. After considering the submissions of the parties, the record, and the applicable law, the Court finds that this motion is not well taken and should be denied.

### I.  BACKGROUND

The current action was originally brought in Florida state court on February 3, 2015, and was removed pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, on March 30, 2015, to the United States District Court for the Southern District of Florida. On May 7, 2015, the case was transferred to this Court under 28 U.S.C. § 1404(a).

In its complaint, Plaintiff HansaWorld USA, Inc. ("Plaintiff"), brought claims of civil conspiracy and violations of Florida's Civil Remedies for Criminal Practice Act ("Florida RICO"), FLA. STAT. § 772.101, against Defendant Damon G. Carpenter ("Defendant") in connection to his representation of Plaintiff's former employee, Kimberlee Davenport ("Davenport"). Defendant is a lawyer in Mississippi and was employed as legal counsel by Davenport from October 17, 2012, to October 31, 2012. A judgment was entered against Davenport in Florida state court for actions taken during this time, including some actions done in conjunction with her attorney, under Florida RICO. (Florida Judgment [167-15].)

In its previous Order [160], the Court granted summary judgment to Defendant on Plaintiff's Florida RICO claims, as Plaintiff could not establish that Davenport and Defendant were an enterprise within the meaning of the statute. In response, Defendant now brings his motion under Florida RICO in order to recover attorneys' fees.

## II. DISCUSSION

Defendant is "entitled to recover reasonable attorney's fees and court costs . . . upon a finding that the claimant raised a claim which was without substantial fact or legal support." Florida courts have held that "an action is 'substantially justified' for the purpose of attorney's fees where it advances 'in good faith a novel but credible extension or interpretation of that law.'" *Beck v. Olstein*, 588 So.2d 317, 318 (quoting *S & H Riggers & Erectors, Inc. v. Occupational Safety & Health Review Comm'n*, 672 F.2d 426, 431 (5th Cir. 1982)). Plaintiff advanced the position that Defendant was culpable under Florida RICO for his assistance in the activities which Davenport had already been held culpable for under Florida RICO. Though the Court ultimately held that the type of association between Davenport and Defendant was not of a substantial duration to establish an enterprise under Florida RICO, the position that a participant in racketeering activity can be held liable under a statute aimed at racketeering activity is certainly a credible interpretation of the law. Furthermore, the fact that Davenport had already been held liable under Florida RICO for related activities did give Plaintiff substantial factual support for its claim. The Court therefore does not find that Plaintiff's claims under Florida RICO were raised "without substantial fact or legal support" and will **deny** Defendant's Motion for Attorneys' Fees [162].

## III.  CONCLUSION

IT IS THEREFORE ORDERED AND ADJUDGED that Defendant's Motion for Attorneys' Fees [162] is **denied**.

2

SO ORDERED AND ADJUDGED this the 22nd day of April, 2016.

*s/ Keith Starrett*
UNITED STATES DISTRICT JUDGE